**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5934

JOHN BRANNON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-370)

Submitted: April 16, 1996

Decided: July 12, 1996

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Carlyle Steele, Greenville, South Carolina, for Appellant. Harold
Watson Gowdy, III, OFFICE OF THE UNITED STATES ATTOR-
NEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Brannon[1] appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine and cocaine base.[2] Counsel filed a brief pursuant to Anders v. California , 386 U.S. 738 (1967), contending that there are no meritorious issues to appeal, but raising the issue of whether the district court fully advised Brannon of the nature and consequences of his guilty plea. Brannon filed a pro se supplemental brief raising the issues of (1) diminished capacity, (2) ineffective assistance of counsel, (3) the court's failure to make factual findings under FED. R. CRIM. P. 32(c)(3)(D), (4) violations of FED. R. CRIM. P. 11, and (5) the court's failure to depart downward from the sentencing guidelines. Finding no reversible error after a review of the entire record, we affirm.

At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Brannon to ensure he was competent to enter a plea, and that he understood the nature and consequences of his plea. Specifically, the court inquired into Brannon's education, mental health, use of drugs or medication, and whether Brannon understood all the rights he was forfeiting by pleading guilty. When Brannon expressed some reservation about his attorney's explanation of the plea agreement, the district court halted the proceedings and directed counsel to again explain every provision to Brannon's satisfaction. After conferring with counsel, Brannon acknowledged that he now understood every provision of the plea agreement and still wished to plead guilty. Brannon acknowledged that he understood his rights, was satisfied with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty.

However, in his pro se supplemental brief, Brannon now claims that his lack of education and low intelligence made him incapable of

_____

[1] The presentence report and Appellant's supplemental brief reflect that the correct spelling of his name is "Brandon." However, because the appeal was docketed under the spelling "Brannon", the spelling used by the district court, this opinion uses that spelling.

[2] 21 U.S.C. §§ 841(a)(1) & 846 (1988).

entering a knowing and voluntary plea. In order to show incompetence to plead guilty, Brannon must establish that"when he pleaded guilty that he was incapable of full understanding and appreciation of the charges against him or comprehending his constitutional rights and of realizing the consequence of the plea," [3] which Brannon fails to do. Both counsel and the district court had the opportunity to observe and speak with Brannon, and neither believed him incompetent. We will not disturb the district court's finding of Brannon's competence to plead guilty. Accordingly, the plea agreement should be upheld because Brannon made an intelligent and informed decision when he competently and voluntarily pled guilty. [4]

In his pro se supplemental brief, Brannon claims that the district court failed to make adequate factual findings under FED. R. CRIM. P. 11, and FED. R. CRIM. P. 32(c)(3)(D). Brannon's assertions are meritless. As discussed previously, the district court conducted a complete Rule 11 colloquy. The district court may find a factual basis for a plea "from anything that appears on the record," [5] and when asked about his actions, Brannon stated, "I buy crack and I sell it." Further, factual findings under Rule 32(c)(3)(D) only apply to offenses committed prior to November 1, 1987; thus the rule is inapplicable in this case.

Next, Brannon's claim that the district court erred by failing to depart downward from the sentencing guidelines is without merit. Departures are warranted only in unusual cases, [6] and the district court's failure to depart from the sentencing guidelines is unreviewable on appeal.[7]

Finally, we do not consider Brannon's claim of ineffective assistance of counsel. Ineffective assistance of counsel claims are not

_____

[3] **United States v. Truglio**, 493 F.2d 574, 578 (4th Cir. 1974).
[4] **North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
[5] **United States v. DeFusco**, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).
[6] **United States v. Bolden**, 889 F.2d 1336 (4th Cir. 1989).
[7] **United States v. Bayerle**, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

properly brought on direct appeal unless it is conclusively shown on the face of record.[8] The record does not so establish.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**8 United States v. Fisher**, 477 F.2d 300, 302 (4th Cir. 1973).